

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### January 17, 2017 Session

## TIMOTHY PARKER ET AL. V. JAMES MARK PARKER ET AL.

**Appeal from the Chancery Court for Bedford County**
**No. 28633      J.B. Cox, Chancellor**

_____

### No. M2016-00528-COA-R3-CV

_____

This appeal arises from a will contest. The witnesses to the will failed to sign the body of the will, but they signed the self-proving affidavit in the presence of the testator. After the will was admitted to probate in common form, the contestants filed a complaint challenging the validity of the will. The contestants later filed a motion for summary judgment, arguing that the decedent did not comply with the execution requirements of Tenn. Code Ann. § 32-1-104, because the witnesses did not sign the body of the will. The trial court granted the motion based on *In re Estate of Bill Morris*, No. M2014-00874-COA-R3-CV, 2015 WL 557970 (Tenn. Ct. App. Feb. 9, 2015), holding that a will is not validly executed if the witnesses sign only the self-proving affidavit. The executor appealed. While this appeal was pending, the General Assembly passed an amendment to Tenn. Code Ann. § 32-1-104, which states that wills executed prior to July 1, 2006, satisfy Tennessee's due execution requirements if the witnesses to the will signed the self-proving affidavit. In this appeal, both parties ask this Court to determine whether the newly enacted amendment applies and, if so, whether it comports with Tennessee's constitutional prohibition against retrospective laws. But for a few exceptions, we will not consider issues the parties did not present to the trial court. Because the General Assembly enacted this amendment while this appeal was pending, the trial court has not had the opportunity to consider these issues. In order to afford the trial court that opportunity, we vacate the judgment declaring the will invalid. Further, we remand to the trial court with instructions to reinstate the petition to admit the will to probate and to reinstate the amended complaint challenging the will, which will give the parties the opportunity to present these issues to the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Vacated and Remanded**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

J. Murray Milliken, Shelbyville, Tennessee, for the appellant, James Mark Parker.

Richard L. Dugger, Shelbyville, Tennessee, for the appellees, Timothy Parker and Dolly P. Robbins.

## MEMORANDUM OPINION[1]

Homer D. Parker ("Decedent") executed his will on June 3, 1996. The will and the self-proving affidavit consist of three pages. Decedent signed his will near the bottom of page two, and then followed his signature with a declaration which reads:

> I, Homer D. Parker, do publish and declare this to be my Will, in the presence of each and all the subscribing witnesses who I have requested to act as such, by signing the attesting clause and affidavit below, pursuant to the provisions of TCA § 32-2-111.

Decedent then signed a second time directly below the foregoing declaration near the top of page three. Immediately thereafter, the standard self-proving affidavit appears, followed by the signatures of the two attesting witnesses and a notary public. Additionally, each of the three pages bear Decedent's initials, "H.D.P.", both hand-written and typed at the bottom left of the page.

Decedent died on November 21, 2010. His son, James Mark Parker, whom Decedent nominated as the executor ("Executor"), petitioned the Chancery Court for Bedford County, Tennessee, to admit the will to probate in common form. The court issued letters testamentary to Executor that same day.

On May 25, 2011, Decedent's other two children, Dolly P. Robbins and Timothy Parker ("Contestants"), filed a petition to contest the will.[2]

While this case was pending in the trial court, the Tennessee Court of Appeals filed *In re Estate of Bill Morris*, No. M2014-00874-COA-R3-CV, 2015 WL 557970 (Tenn. Ct. App. Feb. 9, 2015). The facts of that case parallel the facts of this case in that

---

[1] Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Additional claims were asserted but they are not part of this appeal.

the witnesses to the *Morris* will signed the self-proving affidavit but did not sign the body of the will. *Id.* at \*2. Because the witnesses did not sign the body of the will, the *Morris* court found the will invalid for failing to comply with the requirements of Tenn. Code Ann. § 32-1-104. *Id.* at \*4.

On October 7, 2015, Contestants filed a motion to amend their complaint citing the *Morris* decision. Like the will in *Morris*, the witnesses to Decedent's will only signed the self-proving affidavit. Contestants asserted that the court should invalidate Decedent's will due to a flaw in its execution. The trial court granted Contestants' motion to amend the complaint. Contestants then filed a motion for summary judgment on November 6, 2015, which the trial court granted. The chancellor based his decision on *Morris*, declaring the will invalid for failure in its execution. Consequently, the trial court determined that Decedent died intestate as a matter of law. Executor filed a timely notice of appeal on March 9, 2016.

On April 16, 2016, Governor Haslam signed Public Chapter No. 843, an amendment to Tenn. Code Ann. § 32-1-104. Pursuant to the amendment, wills executed prior to July 1, 2016 are validly executed if the witnesses sign an affidavit in compliance with Tenn. Code Ann. § 32-2-110, provided that: (1) the witnesses sign contemporaneously with the testator; and (2) the affidavit contains language meeting all of the requirements of Tenn. Code Ann. § 32-1-104 (a). The statute reads as follows:

SECTION I. Tennessee Code Annotated, Section § 32-1-104, is amended by designating the existing language as subsection (a) and adding the following as a new subsection (b):

(b) For wills executed prior to July 1, 2016, to the extent necessary for the will to be validly executed, witness signatures affixed to an affidavit meeting the requirements of § 32-2-110 shall be considered signatures to the will, provided that:

(1) The signatures are made at the same time as the testator signs the will and are made in accordance with subsection (a); and

(2) The affidavit contains language meeting all the requirements of subsection (a). If the witnesses signed the affidavit on the same day that the testator signed the will, it shall be presumed that the witnesses and the testator signed at the same time, unless rebutted by clear and convincing evidence. If, pursuant to this subsection (b), witness signatures on the affidavit are treated as signatures on the will, the affidavit shall not also serve as a self-proving affidavit under § 32-2-110. Nothing in this subsection shall affect, eliminate, or relax the requirement in subsection (a) that the testator sign the will.

The General Assembly enacted this amendment while this appeal was pending; therefore, the trial court did not have the opportunity to consider the amendment or its application to this case.

### ANALYSIS

The parties ask this Court to determine whether the newly enacted amendment applies to this case and, if so, whether the retrospective application of the amendment comports with Article 1, Section 20 of the Tennessee Constitution. The section provides, "That no retrospective law, or law impairing the obligations of contracts, shall be made."[3]

Because the General Assembly enacted the amendment during the pendency of this appeal, the parties did not raise these issues in the trial court. Generally, when the parties do not raise an issue in the trial court, they cannot raise it for the first time on appeal. *See Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991). Thus, we will not consider these issues. Nevertheless, due to the unique circumstances of this case, specifically that the amendment was enacted while this appeal was pending, we have decided to remand this matter to afford the trial court the opportunity to address these and other relevant issues.

### IN CONCLUSION

Therefore, we vacate the judgment declaring the will invalid and remand with instructions for the trial court to reinstate both the petition to admit the will to probate and the amended complaint challenging the validity of the will to afford the parties the opportunity to amend their respective pleadings to present these issues and other relevant issues to the trial court. Costs of this appeal are assessed equally against the Appellant and the Appellees.

_____
FRANK G. CLEMENT, JR., P.J., M.S.

---

[3] The parties did not expressly identify the issue of the constitutionality of the amendment in their briefs as required by Tenn. R. App. P. 27 (a)(4), but argued that issue at length.